IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

PALLADIAN PARTNERS, INC.,       )
                                )
        Plaintiff,              )        Case No. ___14- 317C
                                )                  FILED
        v.                      )
                                )        Judge: _____
UNITED STATES,                  )                  APR 2 1 2014
                                )
        Defendant.              )        U.S. COURT OF
                                )        FEDERAL CLAIMS

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Palladian Partners, Inc. ("Palladian") seeks declaratory and injunctive relief to enjoin the National Institute on Drug Abuse ("Agency" or "NIDA") from proceeding with the acceptance and evaluation of proposals submitted in response to Solicitation No. N01DA-14-4423 ("Solicitation" or "RFP") (Attachment 1).  The Contracting Officer's decision to designate this procurement under North American Industry Classification System ("NAICS") code 541611, Administrative Management and General Management Consulting Services, is arbitrary, capricious, an abuse of discretion, and lacks a rational basis.  This Court should declare the current NAICS code invalid, issue an injunction preventing NIDA from accepting and evaluating proposals under the incorrect NAICS code, declare that the appropriate NAICS code is 519130, Internet Publishing and Broadcasting and Web Search Portal, and take other appropriate corrective action to remedy the errors described in this Complaint.

### Jurisdiction

2.      This is a bid protest by an interested party "objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract" and challenging "alleged violation of statute or regulation in connection with a procurement."  28 U.S.C. § 1491(b)(1).  As the

assignment of a NAICS code to a Solicitation is "in connection with a procurement," this Court

has jurisdiction over this bid protest pursuant to section 1491(b) of the Tucker Act.

### Parties and Interested Party Status

3.　　Plaintiff, Palladian, is located in Silver Spring, MD, and is a subsidiary of the

Altarum Institute. Palladian is a communications company serving both the government and

nonprofit customers in the health and social science sectors. Palladian specializes in translating

and publicizing evidence-based research via web-based portals in a format and language

consumable by the general public.

4.　　Palladian is the incumbent provider of the services called for under the

Solicitation as a subcontractor to Altarum Institute.

5.　　Palladian's direct economic interests are affected by the use of the incorrect

NAICS code in the Solicitation. Palladian intended to submit an offer as a small business under

the initial Solicitation, which was set-aside for small businesses under NAICS code 541712,

Research and Development in the Physical, Engineering, and Life Sciences (except

Biotechnology). This NAICS code allowed any small businesses with fewer than 500 employees

to be eligible to compete. Following a protest of that NAICS code by another potential offeror,

however, Palladian was rendered ineligible to compete when the Solicitation was amended to be

a small business set-aside under the current NAICS code: 541611, Administrative Management

and General Management Consulting Services. The current NAICS code allows only those

small businesses with revenues of less than $14 million to compete.

6.　　Palladian would be eligible to bid as a small business under the proper NAICS

code: 519130, Internet Publishing and Broadcasting and Web Search Portal.

7.      Defendant is the United States, acting through the National Institute on Drug Abuse.  NIDA is a division within the Department of Health and Human Services National Institutes of Health.  The Contracting Officer is Kenneth E. Goodling, who is located at NIDA R&D Contracts Management Branch, Office Acquisitions, NIDA, NIH, 6001 Executive Blvd., Room 4211, MSC 9559, Bethesda, MD 20892-9559, and may be reached by telephone at (301) 443-6677.

**Factual Background**

**The Original Solicitation and Statement of Work**

8.      On February 28, 2014, the Agency issued the Solicitation as a total set-aside for small business under NAICS code 541712, Research and Development in the Physical, Engineering, and Life Sciences (except Biotechnology), with a corresponding size standard of 500 employees.  RFP § L.1.b.  The Solicitation contemplates an award of a single cost-plus-fixed-fee contract with a base period of one year, and four one-year options.  RFP § B.2.

9.      The purpose of the Solicitation is to create a "Coordination Center" to publish work prepared by the Centers of Excellence in Pain Education ("CoEPEs") – a collection of 12 health professional schools.  RFP § C.1.a.  To accomplish its mission, NIDA will require the contractor to create a website that disseminates CoEPE content and allows the CoEPEs to communicate with each other:

> The Coordination Center will be to maintain and facilitate conversations and collaborations of the CoEPEs on an interactive online communication portal and via other means.  This Center will also create online interactive case-based teaching scenarios that will be put on the NIH Pain Consortium site and used in teaching students in various professional schools (e.g. nursing, dental, medical and pharmacy schools) about how to diagnose and properly treat pain.  Further, the Coordinating Center will design, program, maintain, and update the page to be place[d] on the NIH website.  The Coordinating Center will review content from the CoEPEs for each

case, proofread and correct content, and program content into interactive cases.

RFP § B.1; *see also* RFP § H.8.E.5 ("This acquisition requires the Contractor to host an NIH webpage or database.").

10.    The Solicitation set out seven tasks related to creating the Coordination website. In the prior NAICS protest, the Small Business Administration Office of Hearings and Appeals ("OHA") summarized these tasks as follows:

| | |
|---|---|
| Task 1: | prepare and submit monthly progress reports; |
| Task 2: | "maintain, host and manage an interactive online communication portal" to be used by NIH, the contractor, and the CoEPEs; |
| Task 3: | "coordinate the process by which CoEPEs submit their materials" to NIH, and facilitate NIH's evaluation.  The contractor will "use the materials submitted by the CoEPEs" to create online interactive pain treatment scenarios with graphics and embedded videos.  The contractor will "proofread, edit, and program" the scenarios, and "suggest ways to improve the cases, when applicable."  In addition, the contractor will "program, format and code" portions of the NIH website; |
| Tasks 4 and 5: | the contractor will "plan and host teleconferences," organize meetings and symposia, and prepare written summaries; |
| Task 6: | the contractor will post videos through a special YouTube channel; and |
| Task 7: | the contractor will, upon request from NIH, obtain additional content for case studies. |

*Information Ventures, Inc.*, SBA No. NAICS-5544 (2014) ("OHA Decision") at 2 (citing RFP § C.1.a.II) (Attachment 2).  Notably, Tasks 4 and 5 are minor parts of the overall effort to develop web content, with Task 4 estimated at a mere $2,000 per year.  RFP § C.1.a.II.

11.    Because the purpose of the RFP is to create and publish online content, the Solicitation requires delivery of source code and object code, RFP § C.2.b.2, delivery of an IT Security Plan and IT Risk Assessment, *id.* § C.2.b.3 and IT Security Certification and Accreditation, *id.* § C.2.b.3.e.

12.     Because the purpose of the RFP is not management consulting, the clause addressing "Security Categorization of Federal Information and Information Systems" indicates that the contractor will have access to "Mission Based Information." The box for "Administrative, Management and Support Information" is not selected. RFP § H.8.E.1.

13.     The RFP does not call for the contractor to consult with NIDA, provide management advice or analyze any current processes.

14.     The RFP does not include the terms "advice" or "analyze" and only uses the term "consult" in the context of consultants that the contractor itself may choose to hire.

**OHA Appeal Sustained**

15.     On March 10, 2014, Information Ventures, Inc. ("Information Ventures") appealed the initial NAICS code assigned to the Solicitation to the OHA, arguing that the Solicitation does not call for research and development under NAICS 541712, Research and Development in the Physical, Engineering, and Life Sciences (except Biotechnology), and instead should have been designated under NAICS 541611, Administrative Management and General Management Consulting Services. Information Ventures asserted that, except for aspects of Task 3, the RFP principally requires the contractor to assist and advise NIH, and to perform administrative and managerial tasks.

16.     OHA agreed with Information Ventures that the Solicitation does not call for research and development. OHA Decision at 6. Instead, OHA noted that the Solicitation's primary functions relate to the development of the CoEPE publication and coordination website. *Id.* ("The development of a new website is 'computer programming' and therefore does not constitute research . . . the contractor essentially will perform information technology functions.").

17.     Although it is required to consider all possible NAICS codes in determining which NAICS code best describes the principal purpose of the procurement, OHA's decision arbitrarily and capriciously mentioned only two NAICS codes, 541712, Research and Development in the Physical, Engineering, and Life Sciences (except Biotechnology), with a corresponding size standard of 500 employees, and 541611, Administrative Management and General Management Consulting Services, with a corresponding size standard of $14 million.  OHA's decision did not analyze in any way the applicability of NAICS code 519130, Internet Publishing and Broadcasting and Web Search Portal.

18.     OHA concluded that, because other OHA appeals affirmed the use of NAICS code 541611, Administrative Management and General Management Consulting Services, in situations where a contractor "'assist[s] with the administration and management' of an important program" and because the Coordination Center acts to assist the CoEPEs, NAICS code 541611, Administrative Management and General Management Consulting Services, was "[t]he appropriate NAICS code for this procurement." *Id.* at 7.  The Solicitation, however, does not provide for the contractor to assist with the administration and management of this program.  The central purpose of the Solicitation is to create the Coordinator Center website and to publish work prepared and submitted by the CoEPEs.

19.     On April 4, 2012, two days after OHA issued its decision, the Contracting Officer issued Amendment 03 changing the applicable NAICS code from 541712, Research and Development in the Physical, Engineering, and Life Sciences (except Biotechnology), to 541611, Administrative Management and General Management Consulting Services.

**OHA Appeal Filed by Palladian**

20.     On April 14, 2014, Palladian filed a NAICS appeal at OHA challenging the

Contracting Officer's re-classification of the procurement under NAICS code 541611,

Administrative Management and General Management Consulting Services.

21.     In its appeal, Palladian contended, for the same reasons explained herein, that the

appropriate NAICS code is 519130, Internet Publishing and Broadcasting and Web Search

Portal.

22.     On April 16, 2014, the Contracting Officer issued Amendment 05, acknowledging

Palladian's appeal, but did not extend the date for receipt of proposals, which remained April 22,

2014.  RFP Amendment 05 (Attachment 3).

23.     Palladian's appeal remains pending with the record scheduled to close on April 30,

2014.

## Count I

### The Agency's Selection of NAICS Code 541611 For This Procurement Was Arbitrary And Capricious, An Abuse Of Discretion And Otherwise Contrary to Procurement Law

24.     Palladian realleges each and every allegation set forth in paragraphs 1 through 23

above as if set forth in their entirety.

25.     Federal Acquisition Regulation ("FAR") 19.303(a) requires contracting officers to

"determine the appropriate NAICS code and related small business size standard" for

solicitations above the micro-purchase threshold.

26.     FAR 19.102(c) further explains that, "[f]or size standard purposes, a product or

service shall be classified in only one industry, whose definition ***best describes*** the principal

nature of the product or service being acquired even though for other purposes it could be

classified in more than one."  (emphasis added).

27.     The 2012 NAICS Manual explains that NAICS code currently used in the
Solicitation, 541611, Administrative Management and General Management Consulting
Services, is used for efforts that involve advising organizations on financial planning and
budgeting, equity and asset management, records management, office planning, strategic and
organizational planning, site selection, new business startup, and business process improvement:

> This U.S. industry comprises establishments primarily engaged in
> providing operating advice and assistance to businesses and other
> organizations on administrative management issues, such as
> financial planning and budgeting, equity and asset management,
> records management, office planning, strategic and organizational
> planning, site selection, new business startup, and business process
> improvement. This industry also includes establishments of general
> management consultants that provide a full range of
> administrative; human resource; marketing; process, physical
> distribution, and logistics; or other management consulting
> services to clients.

28.     As described above, the principal nature of this Solicitation is the publishing of
CoEPE-generated content and other supporting online materials.  This effort requires far more
than consultation as the contractor must create a new online communications portal, code and
format new portions of the NIH website, create online interactive pain treatment scenarios with
graphics and embedded videos, publish CoEPE generated content, and post videos through a
specially created YouTube channel.

29.     The work called for in the Solicitation is not similar to any of the examples
provided in the NAICS Manual for NAICS code 541611, Administrative Management and
General Management Consulting Services, including "Administrative management consulting
services," or "Site selection consulting services," "Financial management (except investment
advice) consulting services," "Strategic planning consulting services," or "General management
consulting services." This Solicitation has to do with creating and publishing online resources for
pain management, not program management.

30.     Other terms of the RFP confirm that it is not for consulting services.  The RFP does not include any reference to management advice, analyzing current processes or consulting, and indicates that the contractor will have access to "Mission Based Information," not "Administrative, Management and Support Information."  RFP § H.8.E.1.

31.     Because NAICS code 541611, Administrative Management and General Management Consulting Services, is not appropriate for this procurement and does not "best describe" the principal purpose of the acquisition, it was arbitrary, capricious, an abuse of discretion, and contrary to law to select this code for the Solicitation.

## Count II

### The Agency's Failure to Select NAICS Code 519130 For This Procurement Was Arbitrary And Capricious, An Abuse Of Discretion And Otherwise Contrary to Procurement Law

32.     Palladian realleges each and every allegation set forth in paragraphs 1 through 31 above as if set forth in their entirety.

33.     Federal Acquisition Regulation ("FAR") 19.303(a) requires contracting officers to "determine the appropriate NAICS code and related small  business size standard" for solicitations above the micro-purchase threshold.

34.     FAR 19.102(c) further explains that, "[f]or size standard purposes, a product or service shall be classified in only one industry, whose definition best describes the principal nature of the product or service being acquired even though for other purposes it could be classified in more than one."

35.     The 2012 NAICS Manual explains that 519130, Internet Publishing and Broadcasting and Web Search Portals:

> comprises establishments primarily engaged in (1) publishing and/or broadcasting content on the Internet exclusively or (2) operating Web sites that use a search engine to generate and maintain extensive databases of Internet addresses and content in

an easily searchable format (and known as Web search portals). The publishing and broadcasting establishments in this industry do not provide traditional (non-Internet) versions of the content that they publish or broadcast. They provide textual, audio, and/or video content of general or specific interest on the Internet exclusively. Establishments known as Web search portals often provide additional Internet services, such as e-mail, connections to other web sites, auctions, news, and other limited content, and serve as a home base for Internet users.

36.     This description is consistent with the primary purpose of the Solicitation because NAICS Code 519130, Internet Publishing and Broadcasting and Web Search Portals, includes "publishing and/or broadcasting content on the Internet exclusively," and this RFP calls for publishing of online scenarios and videos.  This NAICS code also includes firms that "provide textual, audio, and/or video content of general or specific interest on the Internet exclusively," and this RFP calls for publishing on an NIH website and YouTube exclusively.

37.     The Index Entries included in the description of NAICS code 519130 are also similar to the tasks required by the Solicitation.

38.     For example, Index Entry: Web Communities is similar to Task 2 of the RFP which is to create an online communication portal, or web community: "Task 2: The Contractor will maintain, host and manage an interactive online communication portal for the NIH, Contractor and CoEPEs to use." RFP § C.1.a.II.B

39.     Index Entry: Portals, Web Search is similar to Task 3 of the RFP which requires creation of a portal for interactive case scenarios: "Task 3: The Contractor will use the materials submitted by the CoEPEs to create the online cases. These cases must be interactive (e.g. allow for answers to be entered and feedback to be given immediately), and include graphics and embedded videos. These cases will be put online and must be 508 compliant as mandated by HHS; provided at no cost to the end user, and must interface well with the common learning management systems used by universities and colleges, for example Blackboard, Moodle and

Desire2Learn. To program these cases, the Contractor will use a software package, or do 'in-house' programming." *Id.*

40.     Index Entry: Special Interest Portals (*e.g.*, parents sharing information about child rearing, etc.) is similar to Task 3 of the RFP which requires creation of a Special Interest Portal for both CoEPEs and pain management providers to discuss treatment options: "Task 3: The Contractor will proofread, edit, and program all case-based pain treatment scenarios. It will also advise and suggest ways to improve the cases, when applicable.  The contractor will coordinate patient advocacy group communications and input into these cases as directed by the NIH. . . .  It will also involve communication with the CoEPEs to get materials and content needed to make the cases 508 compliant. The Contractor will program, format and code as needed to create the website on the NIH Pain Consortium page, as well as provide the graphics and content." *Id.*

41.     Index Entry: Web Communities is similar to Task 4 of the RFP which also involves creation of web communities to discuss clinical practice on an interactive online collaboration site: "Task 4: In collaboration with the CoEPEs, the Contractor will help determine the scope of the use of the materials in teaching setting both within and beyond the CoEPE network, and if the materials changed clinical practice and health care provider knowledge or perspective.  To this end, the Contractor will plan and host teleconferences, maintain an interactive online collaboration site, and help organize various symposium with the NIH Pain Consortium and/or the CoEPEs." *Id.*

42.     Index Entry: Video Broadcasting, Exclusively on Internet is similar to Task 6 of the RFP which requires broadcasting of content exclusively on the internet: "Task 6: The videos to be used in the cases will be stored and accessed through YouTube. The Contractor will post all videos on YouTube on a special 'CoEPE Channel' which it will help develop and maintain. It

will also obtain, edit and post descriptions of these materials on YouTube so that content can be searched, and provide enough context where the YouTube videos will serve as teaching tools that can be viewed independent of the cases they support, and have educational value." *Id.*

43.    Index Entry: Internet Video Broadcast Sites is similar to Task 6 of the RFP which also requires maintenance of an internet video broadcast site: "Task 6: The videos to be used in the cases will be stored and accessed through YouTube. The Contractor will post all videos on YouTube on a special 'CoEPE Channel' which it will help develop and maintain. It will also obtain, edit and post descriptions of these materials on YouTube so that content can be searched, and provide enough context where the YouTube videos will serve as teaching tools that can be viewed independent of the cases they support, and have educational value." *Id.*

44.    Index Entry: Special Interest Portals is similar to Task 7 of the RFP which relates to creation of a Special Interest portal collaboration between no-longer funded CoEPEs and newly funded CoEPEs: "Task 7: The Contractor, on NIH's request, will obtain additional content for cases previously submitted to the CoEPE program from CoEPEs that are no longer funded by this program, to enhance the quality of the case studies development based on these materials. This will facilitate the collaboration of no-longer funded CoEPEs with the newly funded CoEPEs. Further, in situations where a particular CoEPE that was previously funded receives further funding under this program, the Contractor, on NIH request, will obtain additional content for cases previously submitted to the CoEPE to enhance the quality of the case studies development based on these materials." *Id.*

45.    In addition, the Government has used NAICS code 519130, Internet Publishing and Broadcasting and Web Search Portals, for similar solicitations.

46.     In 2010, NIDA issued RFP No. N01DA-10-1143 seeking a contractor to "provide
NIDA with campaign development and Internet publishing expertise and skills that include
writing, editing, graphics, and interactive communications support services, to assist the Public
Information and Liaison Branch in its efforts to disseminate the results of drug abuse research."
Attachment4 at 5. NIDA properly selected NAICS code 519130 for that procurement, which
involves the same internet publishing and information dissemination activities required by the
Solicitation.

47.     In 2010, the Centers for Medicare and Medicaid Services ("CMS"), issued a
Source Sought for support "establishing an online program to reach Medicare providers about
CMS programs and initiatives with continuing medical education (CME) and continuing
education (CE) credits." Attachment 5 at 1.  Again, NAICS code 519130 was assigned to this
effort, which is similar to the provider outreach required by the Solicitation. *Id.* at 4.

48.     In 2011, CMS awarded a contract for its Healthcare Communities Portal that is a
"broad communication means for disseminating information, tools, and best practices from
various collaborative activities; smaller learning communities for collaborating on a particular
topic area, whether clinical, financial, and/or operational aspects of health care delivery; and, a
results-sharing module that provides a web-based mechanism to distribute clinical and
operational data on a voluntary basis and to enable automatic downloads of aggregate results."
Attachment 6 at 2. CMS again selected NAICS code 519130 for creation of a portal like that
required by the Solicitation. *Id.* at 1.

49.     In 2011, NIH issued a Sources Sought for assistance with "publication on the APIS
web site of accurate, authoritative, detailed, and comparable information on alcohol-related
public polices at both the State and Federal level." Attachment 7 at 2. This effort, similar to the

Solicitation's requirement for creating and publishing teaching scenarios, was properly assigned NAICS code 519130.

50.     In 2014, Pre-Solicitation Number 2014-N-15803, issued by the Centers for Disease Control, was properly assigned NAICS code 519130 and calls for a contractor to assist the Government "in providing timely information and resources to prevention partners through innovative approaches to knowledge/information transfer; (2) to connect partners in public health through collaborative communication, innovative technology solutions, and customer service; (3) to provide Web-based online databases, information resources, and technical assistance via online support, and (4) to support and apply inovation [sic] using digital channels to enhancing connection among and engagement with prevention partners." Attachment 8 at 1-2. Again, this effort is very similar to the Solicitation's requirement to connect providers through an online portal.

51.     Because the narrative description of NAICS code 519130, Internet Publishing and Broadcasting and Web Search Portals, along with its Index Entries closely correspond to the principal purpose of the Solicitation, creation of a publishing website, it was arbitrary and capricious, an abuse of discretion and contrary to law to not select this code for the Solicitation.

### Prayer For Relief

WHEREFORE, Palladian by this Complaint requests that the Court grant injunctive and declaratory relief:

1) finding that the Agency's modifications of the Solicitation to include NAICS Code 541611, Administrative Management and General Management Consulting Services, failed to best describe the Solicitation's principal purpose and was improper;

2) finding that the Agency should have selected NAICS Code 519130, Internet

   Publishing and Broadcasting and Web Search Portals, as best describing the

   Solicitation's principal purpose;

3) enjoining the Agency from accepting bids under the Solicitation unless and until an

   appropriate NAICS code is selected; and

4) granting any other relief the Court determines is warranted.


Respectfully submitted,


Daniel E. Chudd
Damien C. Specht
Charles L. Capito
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington, D.C. 20001

Counsel for Palladian Partners, Inc..

## Certificate of Service

I hereby certify that a copy of the foregoing Complaint for Injunctive and Declaratory

Relief was served this 21st day of April 2014 on:

          Devin Wolak
          National Courts Section
          Commercial Litigation Branch
          Civil Division
          United States Department of Justice
          Washington, D.C. 20530
          202-616-0170
          Devin.wolak@usdoj.gov

          Kenneth E. Goodling, Contracting Officer
          DHHS, NIH, National Institute on Drug Abuse
          6001 Executive Blvd.
          Room 4211, MSC 9559
          Bethesda, MD 20892
          kgoodlin@nida.nih.gov

Daniel E. Chudd